IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:12-CR-59-JRG |
| vs. | § | |
| | § | |
| | § | |
| RANDY CAMERON (10) | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

  The Government moved to revoke Defendant Randy Cameron's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 1 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

*Background*

  After pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute Cocaine Base, a Class B felony, Defendant was sentenced on May 14, 2014, by the Honorable Michael H. Schneider, United States District Judge, to 63 months of imprisonment, to be followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. The offense carried a statutory maximum imprisonment term of 40 years and the guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months.

Defendant completed his term of imprisonment and began serving his term of supervised release on February 24, 2017. Defendant's supervised release was revoked on June 24, 2017 and he was sentenced to 9 months of imprisonment followed by an additional 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on February 7, 2018. The case was reassigned to Chief Judge Rodney Gilstrap on August 2, 2018.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on October 15, 2018, United States Probation Officer Glenn Filla alleges that Defendant violated the following conditions of release:

**Allegation 1** (standard condition 2): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer. It is alleged that Defendant did not report to the probation office on October 2, and October 11, 2018.

**Allegation 2** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. It is alleged that Defendant submitted urine specimens on September 11, and September 24, 2018, that tested positive for cocaine.

**Allegation 3** (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as he is released from the program by the probation officer. It is alleged that Defendant did not attend substance abuse counseling on October 3, 2018 and did not report to the drug testing center to submit urine specimens on October 4, and October 5, 2018.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing cocaine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 18 to 24 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). The Guidelines provide that Defendant's guideline range for a Grade C violation is 7 to 13 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On December 11, 2018, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Ken Hawk, for Defendant to enter a plea of true to Allegation 1 in the petition and to jointly request a sentence of 12 months and 1 day with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation and to enroll him in substance abuse and mental health treatment.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment

with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment with no further supervised release with a recommendation to the Bureau of Prisons to designate Defendant to FCI Seagoville.

So ORDERED and SIGNED this 11th day of December, 2018.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE